UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN THRASHER,                              )
                                            )
                    *Plaintiff*,            )
                                            )
            *vs*.                           )          No. 1:16-cv-02867-JMS-DML
                                            )
KENT W. ABERNATHY,                          )
                                            )
                    *Defendant*.            )

## ORDER

Plaintiff John Thrasher was involved in automobile accidents in 2013 and 2016 and, on both occasions, did not have valid automobile insurance.  Consequently, after each accident the Indiana Bureau of Motor Vehicles ("BMV") suspended his driver's license.  Additionally, when Mr. Thrasher's current suspension period expires in August 2017, the BMV will require him to pay a driver's license reinstatement fee of $1,000.  Mr. Thrasher, an attorney who is proceeding *pro se*, initiated this litigation against Kent Abernathy, the Commissioner of the BMV, asserting a constitutional claim.  Commissioner Abernathy's Motion to Dismiss, [Filing No. 12], is now ripe for the Court's decision.

## I.
### STANDARD OF REVIEW

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims.  *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief.  The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff.  *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The factual allegations in the Complaint[1] filed by Mr. Thrasher, which the Court must accept as true at this time, are as follows:

Mr. Thrasher lives in Indianapolis, Indiana.  [Filing No. 1 at 1.]  In October 2013 and June 2016, he was involved in two separate motor vehicle accidents after his mandatory car insurance

---

[1] Mr. Thrasher titled his initial Complaint as "Verified Amended Complaint for Damages and Injunctive Relief," [Filing No. 1], but it is the only complaint he has filed in this matter so is not an "Amended Complaint."

had lapsed.  [Filing No. 1 at 2.]  As a result of each accident, the car that Mr. Thrasher was oper-

ating at the time was damaged beyond repair.  [Filing No. 1 at 2.]  After both accidents, Commis-

sioner Abernathy, "by his agency," suspended Mr. Thrasher's driver's license and, since the two

accidents occurred within a single three-year span, his suspension will not expire until August

2017. [Filing No. 1 at 2.]  At the end of his suspension, Commissioner Abernathy, "by his agency,"

will require Mr. Thrasher to pay a reinstatement fee of $1,000.  [Filing No. 1 at 2.]

Mr. Thrasher cannot buy a replacement automobile without a valid driver's license, and he

cannot purchase automobile insurance without a replacement automobile.  [Filing No. 1 at 2.]

Additionally, without proof of insurance, Mr. Thrasher cannot have his driver's license reinstated.

[Filing No. 1 at 2.]  Mandatory car insurance is more expensive to purchase following a license

suspension because the insurer must file a Form SR-22 with the BMV as proof of coverage. [Filing

No. 1 at 3.]

Mr. Thrasher initiated this litigation on October 21, 2016, alleging that it is a constitutional

violation to require him to have a driver's license or to mandate that he have car insurance before

he can travel on public highways.  [Filing No. 1 at 3.]  He alleges that "[b]y enforcing any Indiana

statute requiring [him] to obtain a current driver's license and to insure his vehicle, and suspending

one if he does not have the other, the Defendant impermissibly restrains [his] liberty and infringes

on his Constitutional right to travel freely" and "impermissibly prohibits [him] from buying and

owning a car to insure, thereby insuring that [he] will never have a car or a driver's license even

after this unconstitutional suspension is lifted."  [Filing No. 1 at 3.]  Mr. Thrasher claims that he

has paid more than $700 in "otherwise unnecessary carfare expenses," and that the only grocery

store he can walk to is overpriced so he "is not eating as well as he did before the suspension and

has paid hundreds of dollars in otherwise unnecessary grocery costs."  [Filing No. 1 at 3.]  He

seeks monetary damages, and a "writ of mandate obligating the Defendant to clear his driving record of suspensions so he…can get and use private means of transport…." [Filing No. 1 at 4.]

In his Motion to Dismiss, Commissioner Abernathy characterizes Mr. Thrasher's claim as follows:

> [Mr.] Thrasher has not challenged that his driving privileges were improperly suspended or that the fees were improperly imposed under the current statutory scheme in Indiana.  Instead, [Mr.] Thrasher appears to have argued, pursuant to 42 U.S.C. § 1983, that it is constitutionally impermissible to (1) require that he have a driver's license and car insurance, or (2) to limit his "access to public thoroughfares or restrain his liberty in any way."

[Filing No. 13 at 1-2.]  Mr. Thrasher states in his response brief that Commissioner Abernathy "shows a reasonable understanding of my claim for relief," [Filing No. 14 at 1], and the Court agrees that the Complaint is consistent with this characterization.

### III.
### DISCUSSION

Commissioner Abernathy sets forth four main arguments in support of his Motion to Dismiss: (1) that claims against him in his individual capacity are barred because Mr. Thrasher has not demonstrated personal involvement by Commissioner Abernathy sufficient to state a claim under § 1983; (2) that Commissioner Abernathy in his official capacity is not considered a "person" under § 1983 and cannot be sued for damages; (3) that Mr. Thrasher's remaining allegations are insufficient to state a claim upon which relief can be granted; and (4) that to the extent Mr. Thrasher has alleged a tort claim under state law, his claim is barred by the Indiana Tort Claims Act.  [Filing No. 13 at 3-7.]  In his response brief, Mr. Thrasher clarifies that he is not suing Commissioner Abernathy in his official capacity, and that he is not asserting a tort claim. [Filing No. 14 at 6.]  Accordingly, the Court need only consider Commissioner Abernathy's arguments that any claim against him in his individual capacity fails because Mr. Thrasher has not sufficiently

alleged personal involvement, and that Mr. Thrasher's remaining allegations are insufficient to state a claim upon which relief can be granted.  The Court will consider each argument in turn.

### A.  Commissioner Abernathy's Personal Involvement

In support of his Motion to Dismiss, Commissioner Abernathy argues that a defendant can be held liable under § 1983 in his or her individual capacity only for deprivations that he or she personally caused, either by direct action or by approval of the conduct of others, and that the individual must have personally participated in the alleged constitutional violation.  [Filing No. 13 at 3.]  He contends that Mr. Thrasher has not alleged that Commissioner Abernathy was personally involved in an alleged constitutional deprivation, but rather only alleges vicarious liability.  [Filing No. 13 at 4.]

In response, Mr. Thrasher provides a letter he sent to Commissioner Abernathy shortly after his driver's license was suspended in 2016, in which he "told [Commissioner] Abernathy and his counsel the number of my operator's permit and invited them to check my driving record; advised him of the details of my objection to his agency's action; and told him I wanted my suspensions erased so I could buy a car to insure."  [Filing No. 14 at 7-8 (discussing Filing No. 14-1).]  He stated that "[f]rom that letter to the file date of this action, [Commissioner] Abernathy had full notice and eight full weeks to act, and did nothing.  That is my proof of his personal inaction.  No executive officer can war against the Constitution without violating his undertaking to support it."  [Filing No. 14 at 8.]

On reply, Commissioner Abernathy argues that Mr. Thrasher did not address the argument that he seeks to impose vicarious liability, and that Mr. Thrasher cannot supplement the allegations in his Complaint by attaching his letter to Commissioner Abernathy to his response brief.  [Filing No. 15 at 4.]  He also argues that, in any event, "mere knowledge of unconstitutional conditions is

not enough to establish liability without proof that the defendant took some action, or acquiesced in actions of others, which led to the perpetuation of those conditions." [Filing No. 15 at 4.]

It is well established that § 1983 "does not establish a system of vicarious responsibility[,]" *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009), and that "a government official 'is only liable for his or her own misconduct,'" *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 677). That said, supervisors "need not participate directly in the deprivation [of civil rights] for liability to follow under § 1983." *Backes v. Village of Peoria Heights, Ill.*, 662 F.3d 866, 869-70 (7th Cir. 2011) (citation and quotation omitted). As long as the supervisors "know about the conduct and facilitate it, condone it, or turn a blind eye for fear of what they might see," they may be held liable. *Id.* at 870 (citing *Chavez v. Illinois State Police*, 251 F.2d 612, 651 (7th Cir. 2001)). When a plaintiff "does not allege that the supervisory officers personally caused, participated in, or had a reasonable chance to stop" the events at issue, claims against the supervisors should be dismissed. *Golden v. Stutleen*, 535 Fed. Appx. 526, 528 (7th Cir. 2013) (citing *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)).

Mr. Thrasher's sole response to Commissioner Abernathy's argument regarding personal involvement is to attach a letter he sent to Commissioner Abernathy shortly after his driver's license was suspended, in which he "dispute[d] [Commissioner Abernathy's] authority to suspend [his] driving privileges." [Filing No. 14-1.] But the Court may only look to the allegations in the Complaint when evaluating Commissioner Abernathy's Motion to Dismiss, and may not rely upon evidence and facts outside of those alleged in the Complaint. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) ("In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion"). While the Court may consider exhibits not attached to the Complaint when they are "referred to in the plaintiff's complaint and are central to

- 6 -

his claim," *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006), that is not the case here. Mr. Thrasher does not refer to his letter to Commissioner Abernathy in his Complaint, and the Court will not consider it.

Considering only the allegations that appear in the Complaint, Mr. Thrasher's specific allegations relating to Commissioner Abernathy's participation in the alleged constitutional violations are extremely limited.  Specifically, he alleges only that:

- Commissioner Abernathy "had and continues to exercise the authority to enforce Indiana statutes relating to motor vehicle regulation";

- Commissioner Abernathy "by his agency suspended Plaintiff's right to drive a motor vehicle on public thoroughfares as a penalty for driving without insurance"; and

- After Mr. Thrasher's suspension period expires, Commissioner Abernathy "by his agency will require the Plaintiff to pay a reinstatement fee of $1000.00."

[Filing No. 1 at 1-2.]

Mr. Thrasher's allegations focus on Commissioner Abernathy's supervisory role as the Commissioner of the BMV.  He alleges that Commissioner Abernathy has the authority to enforce Indiana statutes, and that "by his agency" he suspended Mr. Thrasher's driver's license and will require him to pay a reinstatement fee.  He does not allege that Commissioner Abernathy personally took these actions, but rather that he is responsible for these actions by virtue of his position as Commissioner of the BMV.  It is well settled that an individual cannot be vicariously liable for a § 1983 violation. *See, e.g.*, *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) ("[Section] 1983 does not allow actions against individuals merely for their supervisory role of others…[and i]ndividual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue"); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.

- 7 -

2001) ("The doctrine of *respondeat superior* does not apply to § 1983 actions").  While a supervisor may be held liable under § 1983 when he "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of what [he] might see," *Chavez*, 251 F.3d at 651, Mr. Thrasher does not set forth those types of allegations against Commissioner Abernathy.

Because Mr. Thrasher's only specific allegations regarding Commissioner Abernathy relate to his supervision of the BMV and his "agency," he has not sufficiently alleged that Commissioner Abernathy was personally involved in the alleged constitutional violations.  Accordingly, Mr. Thrasher's § 1983 claim against Commissioner Abernathy does not state a claim upon which relief can be granted.

### B.  Sufficiency of § 1983 Claim

While the Court has already determined that Mr. Thrasher's § 1983 claim fails because he has not sufficiently alleged that Commissioner Abernathy was personally involved in the alleged constitutional violations, the Court will also consider whether Mr. Thrasher has stated a claim for a § 1983 violation in any event.

Commissioner Abernathy argues that states have the power to regulate the use of highways, and that while there is a fundamental right to travel, there is no fundamental right to drive a motor vehicle.  [Filing No. 13 at 5.]  He argues that "because [Mr.] Thrasher has no fundamental right to travel in a motor vehicle, his complaint has failed to state a claim upon which relief can be granted."  [Filing No. 13 at 6.]

Mr. Thrasher responds that his "unfettered Constitutional right to use public roads is at least plausible," that the suspension of his driver's license "interferes with [his] constitutional right to associate freely with whomever [he] wish[es], and [his] freedom to travel interstate," and that

"[p]rivate travel on public thoroughfares is not a privilege that requires permission, licensing, or mandatory insurance." [Filing No. 14 at 3-5.]

On reply, Commissioner Abernathy argues that the standard is not whether Mr. Thrasher's allegations are "plausible," but whether he has stated a cognizable claim for relief because there is no fundamental right to drive a motor vehicle. [Filing No. 15 at 2.] Commissioner Abernathy argues that Mr. Thrasher ignores cases that hold that the state has broad power to regulate the use of its highways and that the right to travel does not include the right to drive. [Filing No. 15 at 2-3.]

42 U.S.C. § 1983 provides that "[e]very person who, under color of any...State...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was: (1) deprived of a federal right, privilege, or immunity; (2) by any person acting under color of state law. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). "[T]he first step in [analyzing] any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Olivier*, 510 U.S. 266, 271 (1994).

Here, Mr. Thrasher argues that he has been denied the right to drive through the BMV's requirements that he have a driver's license and that he have valid insurance. [*See* Filing No. 1 at 3 (Mr. Thrasher alleging that "[i]t is Constitutionally impermissible to a) require Plaintiff to have a driver's license or b) mandate that Plaintiff have car insurance before he may travel upon the public highways by automobile and transport his property thereon, including his automobile; or c) limit Plaintiff's access to public thoroughfares or restrain his liberty in any way. By enforcing any Indiana statutes requiring the Plaintiff to obtain a current driver's license and to insure his vehicle,

and suspending one if he does not have the other, the Defendant impermissibly restrains Plaintiff's liberty and infringes on his Constitutional right to travel freely").]    The problem with Mr. Thrasher's § 1983 claim, however, is that none of the conduct he alleges Commissioner Abernathy undertook constitutes a constitutional violation.

The Court recognizes that there is a fundamental right to interstate travel. *Andre v. Board of Trustees of Village of Maywood*, 561 F.2d 48, 52 (7th Cir. 1977) ("The right to travel interstate, although nowhere expressed in the Constitution, has long been recognized as a basic fundamental right").  However, there is not a fundamental right to drive a motor vehicle.  *See, e.g.*, *Winsley v. Cook County*, 563 F.3d 598, 603 (7th Cir. 2009) ("no one has a right to drive; driving on public highways is a privilege subject to revocation for a number of reasons"); *Brown v. State*, 64 N.E.3d 1219, 1233 (Ind. Ct. App. 2016) ("while this court has previously acknowledged that 'a funda-mental right to travel' exists, 'neither this court, nor our supreme court, nor the United States Su-preme Court has ever held that there exists a fundamental right to drive a motor vehicle.'… [T]he General Assembly had the authority to enact laws requiring valid driver's licenses as a condition to operating a motor vehicle on public roads, and if [plaintiff] sought to avail himself of the privi-lege of operating a vehicle in this state, he was obligated to comply with Indiana law") (quoting *Terpstra v. State*, 529 N.E.2d 839, 847 (Ind. Ct. App. 1988)).  Indeed, Mr. Thrasher has not pointed to any legal authority suggesting that such a right exists.

Further, it is well established that the Indiana legislature "has a duty to enact legislation providing for the general welfare and safety of the people of this state." *Terpstra*, 529 N.E.2d at 846.  Statutes addressing driving privileges "promote highway safety[,]" which is "a compelling state interest." *Id.* ("The statute concerning driver's licenses ensures a driver's ability to maneuver a motor vehicle on public roads in Indiana, thus promoting public safety").  Included in a state's

duty to promote highway safety is a state's ability to require automobile insurance in order to obtain a driver's license. *See* Ind. Code § 9-25-4-5 (setting forth minimum amounts of insurance coverage an Indiana driver must have); *Federal Kemper Ins. Co. v. Brown*, 674 N.E.2d 1030, 1035 (Ind. Ct. App. 1997) (Indiana's Financial Responsibility Act "compels motorists to make provisions for the protection of other drivers on the road in order that persons who suffer loss due to the tragedy of automobile accidents shall have a source and means of recovery"). Mr. Thrasher simply does not have a constitutional right to drive an automobile when he has not complied with valid Indiana statutes regulating that privilege.

In short, Mr. Thrasher cannot base a § 1983 claim on the constitutional right to operate a motor vehicle, because such a constitutional right does not exist. Rather, the BMV (through Commissioner Abernathy) is tasked with regulating the operation of motor vehicles, and Mr. Thrasher's allegations that Commissioner Abernathy's enforcement of valid state statutes violates his constitutional rights because that enforcement precludes him from driving – where Mr. Thrasher has not complied with those statutes – do not state a valid claim. *See, e.g.*, *U.S. ex rel. Verdone v. Circuit Court for Taylor County*, 851 F.Supp. 345, 349 (W.D. Wis. 1993) ("That plaintiff is subject to Wisconsin's traffic laws does not mean that his right to travel has been violated; the right to travel is not a right to travel in any manner one wants, free of state regulation. The Constitution does not give plaintiff the right to ignore Wisconsin's traffic laws at his own discretion. Indeed, it is well established that the Constitution permits a state to regulate the operation of motor vehicles on its roads. Plaintiff has failed to state a claim that defendants have violated his right to travel by virtue

of applying traffic ordinances to him") (citations omitted).[2]  Mr. Thrasher's § 1983 claim fails as

a matter of law because he has not alleged a valid underlying constitutional violation.

## IV.
### CONCLUSION

For the foregoing reasons, Commissioner Abernathy's Motion to Dismiss, [Filing No. 12],

is **GRANTED** and Mr. Thrasher's claim is **DISMISSED WITH PREJUDICE**.[3]  Final judgment

shall enter accordingly.


Date:  February 24, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[2] Mr. Thrasher argues in his response brief that the $1,000 reinstatement fee is "a penalty or sanc-
tion, and is indeed 'converting a Right into a crime.'"  [Filing No. 14 at 4.]  But this allegation
does not appear anywhere in Mr. Thrasher's Complaint.  His only allegation relating to the rein-
statement fee is that it is required, [Filing No. 1 at 2], and that it is "to recover a license the State
of Indiana cannot constitutionally require," [Filing No. 1 at 3].  Again, the Court may only consider
the allegations that appear in the Complaint, *Burke*, 714 F.3d at 505, and finds this argument una-
vailing.

[3] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint
once as a matter of course in response to a motion to dismiss.  *Brown v. Bowman*, 2011 WL
1296274, *16 (N.D. Ind. 2011).  The 2009 notes to that rule emphasize that this amendment "will
force the pleader to consider carefully and promptly the wisdom of amending to meet the argu-
ments in the motion.  A responsive amendment may avoid the need to decide the motion or reduce
the number of issues to be decided, and will expedite determination of issues that otherwise might
be raised seriatim."  Mr. Thrasher chose not to amend his Complaint in response to Commissioner
Abernathy's Motion to Dismiss, opting instead to brief the motion and adjudicate the issues.  The
Court is not required to give Mr. Thrasher another chance to plead his § 1983 claim because he
has already had an opportunity to cure deficiencies in his pleadings.  *See Emery v. American Gen-
eral Finance, Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998).  Further, Mr. Thrasher has not given any
indication that he could, in fact, successfully amend his Complaint to cure the defects identified
above, even if given the opportunity to do so.  Accordingly, the Court, in its discretion, dismisses
Mr. Thrasher's claim with prejudice.

**Distribution via United States Mail to:**

John Thrasher, J.D.
818 Chapelwood Blvd.
Indianapolis, IN 46214


**Distribution via ECF only to all counsel of record**